Filing reviewed on 9/12/2023 by Scott Grigg

9/12/2023 9:51 AM
Judge Missildine - Precinct 3
Collin County, Texas

**CAUSE NO.** 03-SC-23-00653

| | |
|---|---|
| HAROLD MCNEAL, | **IN THE JUSTICE COURT** |
| Plaintiff, | |
| v. | **PRECINCT 3** |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC AND EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant(s). | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Harold McNeal ("Plaintiff"), by and through her attorneys, Jaffer & Associates, PLLC, and brings this *Original Petition* against Defendants TransUnion LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC, ("Equifax"), collectively referred to as ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### JURISDICTION & VENUE

2.      This Court has personal jurisdiction over all the parties because all parties reside and/or engage in business in the State of Texas. Further, this Court has jurisdiction of this cause of action in that it involves an amount in controversy within the original jurisdiction of this Court.

3.      Plaintiff seeks monetary relief within this Court's jurisdictional limits.

4.      Venue in Collin County is proper in this cause pursuant to § 15.002 of the Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred here.

## PARTIES AND SERVICE

5.      Plaintiff is a resident of Harris County, Texas.

6.      At all times hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c)

7.      The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**TransUnion LLC**

8.      Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. TransUnion is registered to do business in the State of Texas and may be served with process upon registered agent The Prentice-Hall Corporation System at 211 E. 7th Street Suite 620 Austin, Texas 78701.

9.      At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

10.      At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Equifax Information Services, LLC**

11.      Defendant Equifax Information Services, LLC., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas

and may be served with process upon Corporation Service Company, its registered agent for service of process, at 211 E. 7th Street Suite 620 Austin, Texas 78701.

12.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

13.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Experian Information Solutions, Inc.**

14.     Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, 1999 Bryan Street Suite 900 Dallas, Texas 75201.

15.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

16.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

17.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit

reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## FACTUAL ALLEGATIONS

18.  Plaintiff incorporates by reference all the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

19.  This matter arises from an auto loan account ("Account") with Ally Financial belonging to Plaintiff.

20.  On June 30, 2017, Plaintiff's wife filed for Chapter 13 Bankruptcy ("Bankruptcy") and included in the bankruptcy was the Account with Ally Financial. See, "Exhibit A".

21.  In December 2022, the Account was paid off and vehicle's title was released to Plaintiff. See, "Exhibit B".

22.  On December 9, 2022, the Bankruptcy was discharged. See, "Exhibit C".

23.  In January 2023, after the Account was paid off and the vehicle's title was released to Plaintiff, Plaintiff noticed the Account was incorrectly reporting on his credit reports as a charged off account as of January 2023 with a balance of $6,150.

24.  Plaintiff has made several disputes relating to the Account with Equifax, TransUnion, and Experian.

25.  Equifax, TransUnion, and Experian conducted their re-investigation and verified the account reporting as accurate and continued reporting and disseminating credit reports. See, "Exhibit D".

26.  Equifax, TransUnion, and Experian continue to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

27.  Despite the disputes by Plaintiff that the information on her consumer report were inaccurate with respect to the disputed account, Equifax, TransUnion, and Experian did not

4

evaluate, reevaluate, or consider any of the information, claims, or evidence from the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28.     In the alternative, Equifax, TransUnion, and Experian failed to perform any investigation at all.

29.     Equifax, TransUnion, and Experian violated the FCRA by reporting false information after its reinvestigations of Plaintiff' disputes.

30.     Equifax, TransUnion and Experian's furnishing or publishing of inaccurate reporting continues to affect Plaintiff' creditworthiness, credit score, and ability to acquire credit on otherwise standard terms.

31.     As a result of Equifax, TransUnion, and Experian's conduct, Plaintiff has suffered from mental anguish, distress, and frustration.

**FIRST CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to Equifax**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

34.     Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

35.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

5

  b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

  c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

  d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

  e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

  g. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

36. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

37. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

38. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

39. **WHEREFORE**, Plaintiff, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Equifax

40.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

42.     Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

43.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

      a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

      c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

      d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

      e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

      f.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

44. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

45. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

46. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

### THIRD CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Equifax

47. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

48. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

49. Equifax violated 15 U.S.C. § 1681i(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

50. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

51.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

53.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

54.    **WHEREFORE**, Plaintiff, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Equifax

55.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

57. Equifax violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

58. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    g. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

60. The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

61. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FIFTH CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to Experian

62. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

63. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

64. Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

65. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

11

f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer. 137. As a result of the conduct, action and inaction of Experian, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

66. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

67. Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

68. **WHEREFORE**, Plaintiff, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to Experian

69. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

71. Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

72. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    g.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

73.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

74.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

75.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## SEVENTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Experian

76.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

77.     Experian violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

78.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

> a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

> b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

> c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

> d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

> e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

> f.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

> g.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

79.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

80.     The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

81.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

82.     **WHEREFORE**, Plaintiff, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Experian

83.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

84.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

85.     Experian violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

86.     Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

      a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

15

c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

87. As a result of the conduct, action and inaction of Experian, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment.

88. The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

89. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

## NINTH CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to TransUnion

90. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

92.     TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

93.     TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

    g.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

94.     As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment.

95.     The conduct, action and inaction of TransUnion was willful rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

96.     Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97.     **WHEREFORE**, Plaintiff, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## TENTH CAUSE OF ACTION
### Negligent Violation of § 1681(e)(b) as to TransUnion

98.     Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

99.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

100.    TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

101.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

  g. The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

102. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

103. The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

104. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ELEVENTH CAUSE OF ACTION**
**Willful Violation of § 1681(i)(a) as to TransUnion**

105. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully state herein with the same force and effect as if the same were set forth at length herein. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

106. TransUnion violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

107. TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

  a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

19

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

    g.   The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

108.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.    The conduct, action and inaction of TransUnion was willful, rendering TransUnion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

110.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

111.    **WHEREFORE**, Plaintiff, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**TWELTH CAUSE OF ACTION**
**Negligent Violation of § 1681(i)(a) as to TransUnion**

112.    Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

113.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

114.    TransUnion violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

115.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

      a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

      c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

      d.  The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

      e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

      f.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

      g.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

116.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment.

117.    The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

118.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE,** Plaintiff demands judgment from each Defendant as follows:

1.  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2.  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

3.  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

4.  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

5.  For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: June 15, 2023                    Respectfully Submitted,

                                        **JAFFER & ASSOCIATES PLLC**

                                        */s/ Robert Leach                    .*
                                        **Shawn Jaffer**
                                        Bar No.: 24107817
                                        **Allen Robertson**
                                        Bar No.: 24076655
                                        **Robert Leach**
                                        Bar No. 24103582
                                        5757 Alpha Road Suite 580
                                        Dallas, Texas 75240
                                        T: (214) 494-1871
                                        F: (888) 530-3910
                                        E-mail: attorneys@jaffer.law
                                        ***Attorneys for Plaintiff***

PLAINTIFF'S EXHIBIT

A

Received
9/12/2023
Judge Mis_____t 3
Collin County, Texas

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

| | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Tamera**<br>First name | _____<br>First name |
| | | **S.**<br>Middle name | _____<br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **McNeal**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | **FKA Tamera McDowell** | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | ▮▮▮▮ | |

# United States Bankruptcy Court
## Southern District of Texas

In re  **Tamera S. McNeal**                            Case No.

                                   Debtor(s)        Chapter    **13**

## VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:  **June 30, 2017**                    **/s/ Tamera S. McNeal**

                                          **Tamera S. McNeal**
                                          Signature of Debtor

Ad Astra Recovery Service
7330 W. 33rd Street N., Suite 118
Wichita, KS 67205


Ally Financial
P.O. Box 380901
Minneapolis, MN 55438


Americollect
1851 S. Alverno Road
Manitowoc, WI 54220


Capital One Bank USA
P.O. Box 30281
Salt Lake City, UT 84130


Carmax Auto Finance
225 Chastain Meadows Ct
Kennesaw, GA 30144-5841


Chase
P.O. Box 15298
Wilmington, DE 19850


CMRE Financial
3075 E. Imperial Highway, Suite 200
Brea, CA 92821


Conn's Appliances Corp d/b/a Conns
c/o Beckett & Lee LLP
P.O. Box 3002
Malvern, PA 19355



PLAINTIFF'S
EXHIBIT

B

**P.O. Box 8100**
**Hunt Valley, MD 21030**

December 28, 2022

Tamera Mcneal
19115 Colony Grove Ln
Katy, TX 77449

VIN: SAJWA1GE4DMV45892
Vehicle: 2013, Jagu, Xj

Dear Tamera Mcneal:

Enclosed you will find the title and/or lien release for the vehicle noted above. If you have any questions, please contact our office at 888-925-ALLY(2559).

Sincerely,
Ally Financial

**Contact Information:** You can reach us by visiting **allyauto.com** or call **888-925-ALLY (2559).**

KXW004  RT OTH  673924920094  T
MAIL

001.036932354



...he purchaser must apply for a new title within 30 days unless the vehicle is
...Until a new title is issued, the vehicle record will continue to reflect the owner's
...current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.



000431

**ALLY FINANCIAL**
PO BOX 8102
COCKEYSVILLE, MD 21030

DETACH HERE

# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

1 277 21 793

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| SAJWA1GE4DMV45892 | 2013 | JAGU | 4D |

| TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|
| 10176942480110244 | 04/30/2016 |

| MODEL | MFG CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| JSC | | 5600 | HDV9442 |

PREVIOUS OWNER
CARMAX AUTO SUPERSTORES

ODOMETER READING
19476

OWNER
HAROLD LEE MCNEAL JR
19115 COLONY GROVE LN
KATY, TX 77449-4626

REMARK(S)
**ACTUAL MILEAGE**

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN
THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE
INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN    1ST LIENHOLDER
04/08/2016  **ALLY FINANCIAL**
PO BOX 8102
COCKEYSVILLE, MD 21030

1ST LIEN RELEASED _____
**ALLY FINANCIAL**
AUTHORIZED AGENT

DATE OF LIEN    2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

DATE OF LIEN    3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER
OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

SIGNATURE _____ DATE

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY
AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS
CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD, BE HELD JOINTLY,
AND, IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE
AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 03/2015    **DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.**

PLAINTIFF'S
EXHIBIT
C

United States Bankruptcy Court
Southern District of Texas

**Information to identify the case:**

| Debtor 1 | **Tamera S. McNeal** | | Social Security number or ITIN | xxx December 09, 2022 |
| | First Name   Middle Name   Last Name | | EIN   __–_____ | |

ENTERED
December 09, 2022
Nathan Ochsner, Clerk

| Debtor 2 (Spouse, if filing) | | | Social Security number or ITIN ____ |
| | First Name   Middle Name   Last Name | | EIN   __–_____ |

| United States Bankruptcy Court   Southern District of Texas |

| Case number:   **17–34053** |

## Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Tamera S. McNeal
    fka Tamera McDowell

    <u>12/9/22</u>

**By the court:** <u>Jeffrey P Norman</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

For more information, see page 2>

United States Bankruptcy Court
Southern District of Texas

In re:
Tamera S. McNeal
     Debtor

Case No. 17-34053-jpn
Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Dec 09, 2022 | Form ID: 3180W | Total Noticed: 57 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Tamera S. McNeal, 19115 Colony Grove Ln, Katy, TX 77449-7495 |
| cr | + | Windstone Colony Community Association Inc, Holt & Young PC, 9821 Katy Freeway Suite 350, Houston, TX 77024-1231 |
| 9998353 | + | Cypress Fairbanks I.S.D., P.O. Box 692003, Houston, TX 77269-2003 |
| 10012806 | + | Fora Financial, 242 West 36th Avenue, 14th Floor, New York, NY 10018-7542 |
| 10032313 | + | Fora Financial Business Loans, LLC, assignee of Ba, c/o Aubrey Law Firm, PC, 12 Powder Springs Street, Suite 240, Marietta, GA 30064-7205 |
| 9998355 | + | Harris County, P.O. Box 4622, Houston, TX 77210-4622 |
| 9998356 | + | Harris County M.U.D. #284, c/o Wheeler & Associates, Inc., 6935 Barney Road, Suite 110, Houston, TX 77092-4443 |
| 10012811 | + | IOU Financial, 600 Townpark Ln, Suite 100, Kennesaw, GA 30144-3736 |
| 10012812 | + | Kabbage Loan, 925B Peachtree Street NE, Suite 1688, Atlanta, GA 30309-3918 |
| 10025656 | | Navient Solutions, LLC. on behalf of, United Student Aid Funds, Inc., Attn: Bankruptcy Litigation Unit E3149, PO Box 9430, Wilkes Barre, PA 18773-9430 |
| 9998363 | + | Perdue Brandon Fielder Collins, & Mott, L.L.P., 1235 North Loop West, #600, Houston, TX 77008-1772 |
| 10012823 | + | Special Financing Company, 2504 Build America Drive, Hampton, VA 23666-3223 |
| 10112716 | + | Texas Mutual Insurance Company, 6210 E. Highway 290, Austin, Texas 78723-1142 |
| 9998369 | + | Windstone Colony Community Assn, Inc., c/o Holt & Young, 9821 Katy Freeway, Suite 350, Houston, TX 77024-1231 |
| 10012825 | + | Windstone Colony Community Association, Inc., c/o Holt & Young, 9821 Katy Freeway, Suite 350, Houston, TX 77024-1231 |
| 10065206 | + | World Global Financing Inc, Marc L. Ellison, 2211 Norfolk, Ste 510, Houston, TX 77098-4048 |

TOTAL: 16

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | EDI: AISACG.COM | Dec 10 2022 01:18:00 | Ally Bank, c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | EDI: PHINAMERI.COM | Dec 10 2022 01:18:00 | AmeriCredit Financial Services, Inc. dba GM Financ, P O Box 183853, Arlington, TX 76096-3853 |
| cr | + | EDI: PRA.COM | Dec 10 2022 01:18:00 | PRA Receivables Management LLC, POB 41067, Norfolk, VA 23541-1067 |
| 9998346 | ‡ | Email/Text: ebn@americollect.com | Dec 09 2022 20:17:00 | Americollect, 1851 S. Alverno Road, Manitowoc, WI 54220 |
| 10221655 | | Email/Text: GUARBKe-courtdocs@ascendiumeducation.org | Dec 09 2022 20:17:00 | GLHEC & Affiliates: GLHEGC, NELA, USAF, PO Box 8961, Madison WI 53708-8961 |
| 9998344 | + | Email/Text: Support@adastrarecoveryservicesinc.com | Dec 09 2022 20:17:00 | Ad Astra Recovery Service, 7330 W. 33rd Street N., Suite 118, Wichita, KS 67205-9370 |
| 10026309 | | EDI: GMACFS.COM | Dec 10 2022 01:18:00 | Ally Bank, PO Box 130424, Roseville MN 55113-0004 |
| 10013951 | | EDI: GMACFS.COM | Dec 10 2022 01:18:00 | Ally Financial, PO Box 130424, Roseville, MN 55113-0004 |
| 9998345 | + | EDI: GMACFS.COM | | |

| | | | |
|---|---|---|---|
| | | Dec 10 2022 01:18:00 | Ally Financial, P.O. Box 380901, Minneapolis, MN 55438-0901 |
| 10005567 | + EDI: PHINAMERI.COM | | |
| | | Dec 10 2022 01:18:00 | Americredit Financial Services, Inc dba GM Financi, P O Box 183853, Arlington, TX 76096-3853 |
| 10003149 | Email/Text: CAF_Bankruptcy_Department@carmax.com | | |
| | | Dec 09 2022 20:17:00 | CarMax Business Services, LLC, 225 Chastain Meadows Court,, Suite 210, Kennesaw, GA 30144 |
| 9998348 | Email/Text: CAF_Bankruptcy_Department@carmax.com | | |
| | | Dec 09 2022 20:17:00 | Carmax Auto Finance, 225 Chastain Meadows Ct, Kennesaw, GA 30144-5841 |
| 10012799 | + EDI: CITICORP.COM | | |
| | | Dec 10 2022 01:18:00 | CBNA- Best Buy, P.O. Box 6497, Sioux Falls, SD 57117-6497 |
| 9998350 | Email/Text: EBN_Brea@meditrcm.com | | |
| | | Dec 09 2022 20:17:00 | CMRE Financial, 3075 E. Imperial Highway, Suite 200, Brea, CA 92821 |
| 9998347 | + EDI: CAPITALONE.COM | | |
| | | Dec 10 2022 01:18:00 | Capital One Bank USA, P.O. Box 30281, Salt Lake City, UT 84130-0281 |
| 10058546 | Email/PDF: bncnotices@becket-lee.com | | |
| | | Dec 09 2022 20:22:57 | Capital One, N.A., c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 10071384 | + Email/PDF: bncnotices@becket-lee.com | | |
| | | Dec 09 2022 20:22:57 | Conn Appliances, Inc., c/o Becket and Lee LLP, PO Box 3002, Dept Conns, Malvern PA 19355-0702 |
| 9998351 | + Email/PDF: bncnotices@becket-lee.com | | |
| | | Dec 09 2022 20:22:57 | Conn's Appliances Corp d/b/a Conns, c/o Beckett & Lee LLP, P.O. Box 3002, Malvern, PA 19355-0702 |
| 9998352 | + Email/PDF: creditonebknotifications@resurgent.com | | |
| | | Dec 09 2022 20:22:57 | Credit One Bank, P.O. Box 98872, Las Vegas, NV 89193-8872 |
| 9998354 | + EDI: PHINAMERI.COM | | |
| | | Dec 10 2022 01:18:00 | GM Financial, P.O. Box 181145, Arlington, TX 76096-1145 |
| 9998357 | + EDI: IRS.COM | | |
| | | Dec 10 2022 01:18:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 9998349 | EDI: JPMORGANCHASE | | |
| | | Dec 10 2022 01:18:00 | Chase, P.O. Box 15298, Wilmington, DE 19850 |
| 10012801 | EDI: JPMORGANCHASE | | |
| | | Dec 10 2022 01:18:00 | Chase/Bank One Card, P.O. Box 15298, Wilmington, DE 19850 |
| 9998358 | + Email/Text: PBNCNotifications@peritusservices.com | | |
| | | Dec 09 2022 20:17:00 | Kohls Department Store, P.O. Box 3115, Milwaukee, WI 53201-3115 |
| 10543453 | + Email/PDF: resurgentbknotifications@resurgent.com | | |
| | | Dec 09 2022 20:22:58 | LVNV Funding LLC, PO Box 10587, Greenville, SC 29603-0587 |
| 9998359 | + Email/Text: houston_bankruptcy@LGBS.com | | |
| | | Dec 09 2022 20:17:00 | Linebarger Goggan Blair, & Sampson, LLC, P.O. Box 3064, Houston, TX 77253-3064 |
| 9998360 | + Email/PDF: MerrickBKNotifications@Resurgent.com | | |
| | | Dec 09 2022 20:22:57 | Merrick Bank, P.O. Box 1500, Draper, UT 84020-1127 |
| 10100377 | + Email/Text: bankruptcydpt@mcmcg.com | | |
| | | Dec 09 2022 20:17:00 | Midland Funding LLC, PO Box 2011, Warren MI 48090-2011 |
| 9998361 | EDI: NAVIENTFKASMDOE.COM | | |
| | | Dec 10 2022 01:18:00 | Navient Loan Servicing, P.O. Box 9635, Wilkes Barre, PA 18773-9635 |
| 10068414 | EDI: NAVIENTFKASMDOE.COM | | |
| | | Dec 10 2022 01:18:00 | Navient Solutions, LLC on behalf of, Department of Education Loan Services, PO BOX 9635, Wilkes-Barre, PA 18773-9635 |
| 9998362 | + EDI: AGFINANCE.COM | | |
| | | Dec 10 2022 01:18:00 | One Main Financial, P.O. Box 1010, Evansville, IN 47706-1010 |
| 10018793 | + EDI: AGFINANCE.COM | | |
| | | Dec 10 2022 01:18:00 | OneMain, PO Box 3251, Evansville, IN 47731-3251 |
| 10179568 | EDI: PRA.COM | | |

|  |  |  |  |
|---|---|---|---|
|  |  | Dec 10 2022 01:18:00 | Portfolio Recovery Associates, LLC, PO Box 41067, Norfolk, VA 23541 |
| 10073691 | EDI: PRA.COM |  |  |
|  |  | Dec 10 2022 01:18:00 | Portfolio Recovery Associates, LLC, POB 12914, Norfolk VA 23541 |
| 9999316 | + EDI: RECOVERYCORP.COM |  |  |
|  |  | Dec 10 2022 01:18:00 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 9998364 | + Email/Text: bankruptcypgl@plaingreenloans.com |  |  |
|  |  | Dec 09 2022 20:18:00 | Plains Green Financial, 93 Mack Road, Suite 600, P.O. Box 270, Box Elder, MT 59521-0270 |
| 10043620 | EDI: Q3G.COM |  |  |
|  |  | Dec 10 2022 01:18:00 | Quantum3 Group LLC as agent for, MOMA Funding LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 9998365 | + Email/Text: Bankruptcy.Noticing@Security-Finance.com |  |  |
|  |  | Dec 09 2022 20:17:00 | Security Financing Company, P.O. Box 3146, Spartanburg, SC 29304-3146 |
| 9998366 | + Email/Text: BKSPSElectronicCourtNotifications@spservicing.com |  |  |
|  |  | Dec 09 2022 20:18:00 | Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |
| 9998367 | + Email/Text: bankruptcy@shellfcu.org |  |  |
|  |  | Dec 09 2022 20:18:00 | Shell FCU, 301 E. 13th Street, Deer Park, TX 77536-3258 |
| 9998368 | + EDI: RMSC.COM |  |  |
|  |  | Dec 10 2022 01:18:00 | Synchrony Bank, P.O. Box 965036, Orlando, FL 32896-5036 |

TOTAL: 41

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr |  | CarMax Business Services, LLC |
| cr |  | Select Portfolio Servicing, Inc. |
| cr |  | U.S. Bank, National Association, as Trustee, as su |
| cr | *+ | Fora Financial Business Loans, LLC, assignee of Ba, c/o Aubrey Law Firm, PC, 12 Powder Springs Street, Suite 240, Marietta, GA 30064-7205 |
| cr | *+ | LVNV Funding LLC, PO Box 10587, Greenville, SC 29603-0587 |
| cr | *+ | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 10012796 | *P++ | AMERICOLLECT INC, PO BOX 2080, MANITOWOC WI 54221-2080, address filed with court:, Americollect, 1851 S. Alverno Road, Manitowoc, WI 54220 |
| 10012794 | *+ | Ad Astra Recovery Service, 7330 W. 33rd Street N., Suite 118, Wichita, KS 67205-9370 |
| 10012795 | *+ | Ally Financial, P.O. Box 380901, Minneapolis, MN 55438-0901 |
| 10012798 | *P++ | CARMAX AUTO FINANCE, 225 CHASTAIN MEADOWS CT, KENNESAW GA 30144-5942, address filed with court:, Carmax Auto Finance, 225 Chastain Meadows Ct, Kennesaw, GA 30144-5841 |
| 10012802 | *P++ | CMRE FINANCIAL SERVICES INC, 3075 E IMPERIAL HWY STE 200, BREA CA 92821-6753, address filed with court:, CMRE Financial, 3075 E. Imperial Highway, Suite 200, Brea, CA 92821 |
| 10012797 | *+ | Capital One Bank USA, P.O. Box 30281, Salt Lake City, UT 84130-0281 |
| 10012803 | *+ | Conn's Appliances Corp d/b/a Conns, c/o Beckett & Lee LLP, P.O. Box 3002, Malvern, PA 19355-0702 |
| 10012804 | *+ | Credit One Bank, P.O. Box 98872, Las Vegas, NV 89193-8872 |
| 10012805 | *+ | Cypress Fairbanks I.S.D., P.O. Box 692003, Houston, TX 77269-2003 |
| 10012807 | *+ | GM Financial, P.O. Box 181145, Arlington, TX 76096-1145 |
| 10012808 | *+ | Harris County, P.O. Box 4622, Houston, TX 77210-4622 |
| 10012809 | *+ | Harris County M.U.D. #284, c/o Wheeler & Associates, Inc., 6935 Barney Road, Suite 110, Houston, TX 77092-4443 |
| 10001220 | * | INTERNAL REVENUE SERVICE, P O Box 7346, Philadelphia PA 19101-7346 |
| 10012810 | *+ | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 10012800 | *P++ | JPMORGAN CHASE BANK N A, BANKRUPTCY MAIL INTAKE TEAM, 700 KANSAS LANE FLOOR 01, MONROE LA 71203-4774, address filed with court:, Chase, P.O. Box 15298, Wilmington, DE 19850 |
| 10012813 | *+ | Kohls Department Store, P.O. Box 3115, Milwaukee, WI 53201-3115 |
| 10012814 | *+ | Linebarger Goggan Blair, & Sampson, LLC, P.O. Box 3064, Houston, TX 77253-3064 |
| 10012815 | *+ | Merrick Bank, P.O. Box 1500, Draper, UT 84020-1127 |
| 10012816 | * | Navient Loan Servicing, P.O. Box 9635, Wilkes Barre, PA 18773-9635 |
| 10012817 | *+ | One Main Financial, P.O. Box 1010, Evansville, IN 47706-1010 |
| 10012818 | *+ | Perdue Brandon Fielder Collins, & Mott, L.L.P., 1235 North Loop West, #600, Houston, TX 77008-1772 |
| 10012819 | *+ | Plains Green Financial, 93 Mack Road, Suite 600, P.O. Box 270, Box Elder, MT 59521-0270 |
| 10012820 | *+ | Security Financing Company, P.O. Box 3146, Spartanburg, SC 29304-3146 |

PLAINTIFF'S
EXHIBIT

D



# CREDIT REPORT

---

**HAROLD MCNEAL**

**Report Confirmation**

**3615313951**

# 4. Installment Accounts

Installment accounts are loans that require payment on a monthly basis until the loan is paid off, such as auto or student loans.

## 4.1 ALLY FINANCIAL (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxx 0094 | Reported Balance | $6,150 |
|---|---|---|---|
| Account Status | CHARGE_OFF | Available Credit | |

### Account History

The tables below show up to 3 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

**Balance**



| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | | | | | | | | | | | | |
| 2022 | | | | | | $6,150 | | | | | | |
| 2023 | | | | | | | | | | | | |

**Available Credit**



| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |

**Actual Payment**



| Date | Comment |
|------|---------|
| 07/2022 | Charged off account |

## Comments 3

| Date | Comment |
|------|---------|
| 07/2022 | Fixed rate |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | CO | CO | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ |
| 2022 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 | ░░░ | ░░░ | ░░░ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2018 | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ |
| 2017 | ░░░ | ░░░ | ░░░ | 30 | 60 | 90 | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ |
| 2016 | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | ░░░ | 30 | ░░░ |

| | | | | |
|---|---|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | ░░░ No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | | Owner | INDIVIDUAL |
| Credit Limit | | Account Type | INSTALLMENT |
| Terms Frequency | MONTHLY | Term Duration | 7 |
| Balance | $6,150 | Date Opened | Apr 08, 2016 |
| Amount Past Due | $6,150 | Date Reported | Mar 23, 2023 |
| Actual Payment Amount | | Date of Last Payment | Jul 2022 |

**Date of Last Activity**

**Months Reviewed** 82

**Activity Designator**

**Deferred Payment Start Date**

**Balloon Payment Date**

**Loan Type** Auto

**Date of First Delinquency** Mar 2022

**Scheduled Payment Amount**

**Delinquency First Reported** Jan 2023

**Creditor Classification** UNKNOWN

**Charge Off Amount** $6,150

**Balloon Payment Amount**

**Date Closed**

## Comments

Consumer disputes – reinvestigation in progress

## Contact

ALLY FINANCIAL
P O BOX 380901
BLOOMINGTON, MN  55438
1-888-925-2559

Annual Credit Report - Experian

Prepared For

# HAROLD MCNEAL

**Personal & Confidential**

**Date Generated**
Apr 25, 2023
**Report Number**
4292-2294-27

| At a Glance | 30 Accounts | 0 Public Records | 8 Hard Inquiries |
|---|---|---|---|

## Personal Information

| 6 Names | 9 Addresses | 2 Employers | 1 Other Records |
|---|---|---|---|

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

### Names

| HAROLD MCNEAL | HAROLD LEE MCNEAL | HAROLD L MCNEAL | HAROLD L MCNEAL |
|---|---|---|---|
| Name ID #11353 | Name ID #2146 | Name ID #3476 | Name ID #18500 |

| HAROLD LEE MCNEAL | HAROLD MCNEAL |
|---|---|
| Name ID #10030 | Name ID #3719 |

## ALLY FINANCIAL
**Potentially Negative**

### Account Info

| | |
|---|---|
| Account Name | ALLY FINANCIAL |
| Account Number | 673924XXXXXX |
| Account Type | Auto Loan |
| Responsibility | Individual |
| Date Opened | 04/08/2016 |
| Status | Account charged off. $6,150 written off. $6,150 past due as of Mar 2023. |
| Status Updated | Jan 2023 |
| Balance | $6,150 |
| Balance Updated | 03/23/2023 |
| Recent Payment | - |
| Monthly Payment | NA |
| Original Balance | $49,378 |
| Highest Balance | NA |
| Terms | 72 Months |
| On Record Until | Sep 2029 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | CO | CO | CO | — | — | — | — | — | — | — | — | — |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2017 | ✓ | ✓ | ✓ | 30 | 60 | 90 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2016 | — | — | — | — | — | — | ✓ | ✓ | ✓ | ✓ | 30 | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| CO | Charge off | | |

**Payment history guide**

Charge Off as of Jan 2023 to Mar 2023

90 days past due as of Jun 2017

60 days past due as of May 2017

30 days past due as of Apr 2017, Nov 2016

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
| --- | --- | --- | --- |
| Feb 2023 | $6,150 | $0 | $0 on 7/7/2022 |
| Jan 2023 | $6,150 | $0 | $0 on 7/7/2022 |
| Nov 2022 | $6,111 | $0 | $0 on 7/7/2022 |
| Oct 2022 | $6,075 | $469 | $0 on 7/7/2022 |
| Sep 2022 | $6,039 | $850 | $0 on 7/7/2022 |
| Aug 2022 | $6,003 | $850 | $0 on 7/7/2022 |
| Jul 2022 | $5,966 | $850 | $754 on 7/7/2022 |
| Jun 2022 | $6,684 | $850 | $1,252 on 6/8/2022 |
| May 2022 | $7,892 | $850 | $1,370 on 5/4/2022 |
| Apr 2022 | $10,277 | $850 | $1,109 on 3/8/2022 |
| Feb 2022 | $11,327 | $850 | $2,011 on 2/13/2022 |
| Jan 2022 | $13,803 | $850 | $0 on 12/6/2021 |
| Dec 2021 | $13,719 | $850 | $1,276 on 12/6/2021 |
| Nov 2021 | $14,911 | $850 | $1,231 on 11/4/2021 |
| Oct 2021 | $16,049 | $850 | $923 on 10/8/2021 |
| Sep 2021 | $16,874 | $850 | $908 on 9/4/2021 |
| Aug 2021 | $17,678 | $850 | $724 on 8/9/2021 |
| Jul 2021 | $18,292 | $850 | $2,182 on 7/5/2021 |
| Jun 2021 | $20,363 | $850 | $0 on 4/10/2021 |
| May 2021 | $20,239 | $850 | $0 on 4/10/2021 |
| Apr 2021 | $20,120 | $850 | $724 on 4/10/2021 |

**Additional info**

The original amount of this account was $49,378

---

✉ **Contact Info**

| | |
| --- | --- |
| Address | PO BOX 380901,<br>BLOOMINGTON MN 55438 |
| Phone Number | (888) 925-2559 |

## 📝 Comment

**Current:**

Account information disputed by consumer (Meets requirement of the
Fair Credit Reporting Act).

**Previous:**

Account information disputed by consumer (Meets requirement of the
Fair Credit Reporting Act).

Jan 2023 to Feb 2023

Completed investigation of FCRA dispute - consumer disagrees.

Apr 2022

## 📝 Reinvestigation Info

This item was updated from our processing of your dispute in Jan 2023.

 99+

## Your credit reports

 Experian          EQ Equifax          TU TransUnion

### TransUnion® credit report
#### HAROLD LEE MCNEAL
As of Mar 27, 2023 ⌄

---

FICO SCORE 8 ⓘ                            **TransUnion data Mar 27, 2023**

# 671

**GOOD**

300                                                                    850

---

**1 day until your next TransUnion® report refresh**

The report refresh included in your membership isn't available yet. Can't wait? Purchase a one-time score refresh.

Buy your report

---

## Personal information

**NAME**
HAROLD LEE MCNEAL

**ALSO KNOWN AS**
-

**ADDRESSES**
19115 COLONY GROVE LN
KATY, TX 77449

12206 FRANCEL LN
CYPRESS, TX 77429

Report Summary | TransUnion

**GENERATIONAL IDENTIFIER**

-

1795 FRY RD 262
KATY, TX 77449

**YEAR OF BIRTH**

1969

**EMPLOYERS**

BUILD TECHZ

MED TEAM INTERNATION

**PERSONAL STATEMENTS**

NO STATEMENT(S) PRESENT AT THIS TIME

## Quick actions



**Print your report**

Open a printable version



**File a dispute**

Visit the TransUnion website



Report Summary | TransUnion



**ALLY FINCL** >

Balance $6,150

Balance updated Mar 23, 2023